STATE vs. JABEZ SUMMERS.

1. ASSAULT AND BATTERY—CRIMINAL OFFENSE—"ASSAULT"—"BATTERY."
　　Where defendant seized, choked, or held the prosecuting witness, he was guilty of an assault and battery, since, if one person unlawfully and with force or violence strikes, seizes, holds, or chokes another, the act constitutes an assault and battery; an "assault" being an unlawful attempt by violence to do injury to the person of another, and a "battery" being the consummation of the attempt, the infliction of the injury.

2. CRIMINAL LAW—"ALIBI".
　　That the defense of alibi may be effective, the jury should be satisfied from reasonable and credible testimony that the prisoner was not at the place where the offense was committed when it was committed, so that he could not have committed the offense charged; "alibi" meaning that the prisoner was elsewhere than at the place where the crime was alleged to have been committed.

3. CRIMINAL LAW—TRIAL—DUTY OF JURY.
　　It is the duty of the jury to reconcile conflicting testimony, and, if unable to reconcile and make it consistent, to decide what part is credible and worthy of belief, and what part is not, and in so doing the jury may consider the appearance and manner of witnesses, any interest of theirs, and other facts or circumstances showing the reliability or unreliability of their testimony.

4. CRIMINAL LAW—BURDEN OF PROOF—"REASONABLE DOUBT."
　　If, after carefully considering all the testimony, the jury believes beyond reasonable doubt that the prisoner committed the offense charged, the verdict should be guilty, but if, after such consideration of the testimony, the jury entertains reasonable doubt of defendant's guilt, the verdict should be not guilty; "reasonable doubt" not meaning a mere possible or speculative doubt, but a real substantial doubt, such as fair-minded men would feel constrained to entertain after careful consideration of the evidence.

(*November* 1, 1915.)

PENNEWILL, C. J., and CONRAD and HEISEL, J. J., sitting.

*John B. Hutton*, Deputy Attorney General, for the state.

*Charles H. Le Fevre* and *Thomas C. Frame, Jr.*, for the prisoner.

Court of General Sessions, Kent County, October Term, 1915.

Indictment for assault and battery, No. 58, October Term, 1915.

Jabez Summers, a young colored man, was indicted for assault and battery upon Mrs. Edith M. Jones, a young white woman, the assault having occurred on the public road leading from Clayton to Duck Creek, about nine o'clock at night, on October 20, 1915. It was proved by the state that Mrs. Jones drove into Clayton on the evening of the date mentioned to meet the southbound train, arriving at Clayton Station at about 8:15 p. m., expecting her husband to arrive on the train; that he did not come, and that thereafter she drove to the store of one D.; that while sitting in her carriage talking to D., the prisoner and two other colored men were standing within hearing distance of her carriage, it being a top buggy with the top raised, side curtains off and rear curtain down; that D. asked her if she was not afraid to drive out in the country alone, to which she replied that she was not, and shortly thereafter drove away from the store toward her home; that while driving along the public road and near the village of Duck Creek, she felt and saw an arm of a colored man reach around the open side of her carriage, and his hand was placed over her mouth to prevent her screaming; that she screamed the best she could and immediately the colored man appeared before her in the carriage; that he choked her, tore some of her under-garments and made indecent proposals to her; that while she was struggling and screaming, the light of an automobile, at a cross road some distance ahead, flashed on her carriage and her assailant fell out of the carriage, tearing her under-garments as he went, her horse, in the meantime, was rearing and plunging in a frightened way; that she drove on home, when, upon arriving there, she found a man's soft brown felt hat with a band of much lighter shade, in the foot of her carriage; that under the sweat band of the hat was found a piece of newspaper folded, containing in large print the heading, "Pennsylvania Farmer". When later confronted with the prisoner, in the office of the attorney general, she positively identified him as her assailant, and she also identified him at the trial, as he stood in the prisoner's dock.

One of the state detectives visited the home of the prisoner's father shortly after the assault and saw a rural mail carrier delivering a paper with the same heading as found in the hat band of the prisoner; and the state proved that the prisoner spent part of his time at his father's, and kept part of his clothes there.

The state offered further corroborating testimony by one S., to the effect that on the night of the assault he saw the prisoner, whom he knew very well, pass by his house walking up the road towards Duck Creek, and spoke to him as he passed; and that shortly thereafter he saw Mrs. Jones driving up the road in the direction in which the prisoner had gone. The prisoner denied that he was the person who made the assault, claiming that he was at his father's house over a mile from the scene at the time, and stated that he wore a black derby hat the night the assault was committed; but admitted that when he arrived home he had no hat, claiming that it had been taken from him by two highwaymen who held him up on the way.

The state in rebuttal proved by three citizens of Clayton that they had often seen the prisoner wearing a hat like the one which was found in the carriage of Mrs. Jones.

PENNEWILL, C. J., charging the jury:

The prisoner is charged with having committed an assault and battery on Elizabeth M. Jones, the prosecuting witness, on the public highway between Clayton and Duck Creek in this county a short time after eight o'clock on the evening of October twentieth last, when she was going home alone in a carriage.

There is not much the court should say to you in their charge, because the question to be determined is one of fact only, viz., whether the prisoner committed the assault and battery charged in the indictment.

[1] We may say that an assault is an unlawful attempt by violence to do injury to the person of another, and that a battery is the consummation of the attempt—the infliction of the injury.

If one person unlawfully and with force or violence strikes,

seizes, holds or chokes another, any such act constitutes an assault and battery. If, therefore, you believe from the testimony, beyond a reasonable doubt, that the prisoner seized, choked or held the prosecuting witness as alleged, your verdict should be guilty. If you do not so believe, your verdict should be not guilty.

The state claims that the prisoner forced himself into the carriage in which the prosecuting witness was riding, seized her by the throat, put one of his hands under her clothes and attempted to drag her from the carraige; that she fought and resisted the prisoner to the extent of her power and screamed as loudly as she could, and before he had succeeded in pulling her from the carriage he ran away.

[2] The prisoner's defense is what is known in the law as an alibi; which means that the prisoner was elsewhere than at the place where the crime is alleged to have been committed. Testimony adduced to establish an alibi should, together with the other testimony in the case, be considered by the jury in reaching their verdict. In order that the defense of alibi may be effective, the jury should be satisfied from the testimony that the prisoner was not at the place where the alleged assault and battery was committed, at the time it was committed, and that he could not, therefore, have committed the offense charged. An alibi will not avail as a defense unless the jury are satisfied by reliable and credible testimony that the prisoner could not, because of his absence, have committed the offense for which he is being tried.

[3] It will be your duty gentlemen to reconcile the testimony if you can, because it is conflicting, and if you are unable to reconcile and make it consistent you must decide what part of the testimony is credible and worthy of belief and what part is unworthy of belief.

In doing this you have a right to consider the appearance and manner of the witnesses in giving their testimony, any interest witnesses may have in the result of the trial, and any other facts or circumstances disclosed by the testimony which show the reliability or unreliability of their testimony.

This case is very important both to the state and to the prisoner, and you will, we are sure, give it careful and serious consideration.

[4] If after carefully and conscientiously considering all the testimony you believe beyond a reasonable doubt that the prisoner committed the offense charged in the indictment your verdict should be guilty.

But if, after such consideration of the testimony, you entertain a reasonable doubt of the prisoner's guilt, your verdict should be not guilty.

We say to you, however, that by a reasonable doubt the law does not mean a mere possible or speculative doubt, but a real, substantial doubt, and such a doubt as fair-minded men would feel constrained to entertain after carefully considering all the evidence in the case.

Verdict, guilty.